```
McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
```

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2007 CHEVROLET SILVERADO PICKUP, VIN: 1GCEC19Y87Z502868, LICENSE NUMBER: 8G63741,<br><br>　　　　Defendant. | 1:07-CV-01247-LJO-GSA<br><br>**STIPULATION FOR EXPEDITED SETTLEMENT AND ORDER THEREON** |

　　　　This stipulated settlement is entered into between plaintiff United States of America and claimant WestAmerica Bank, (hereafter "WestAmerica") by and through its undersigned counsel, according to the following terms:

　　　　1.　　This is a civil forfeiture action against the above-referenced defendant vehicle arrested on September 25, 2007, on land in the Eastern District of California.

　　　　2.　　The parties to this Agreement hereby stipulate that any violation of 21 U.S.C. § 841 *et seq.* involving the defendant vehicle occurred without the knowledge and consent of claimant WestAmerica.

　　　　3.　　Plaintiff agrees that upon entry of a Final Judgment of Forfeiture forfeiting to the United States all right, title, and interest in the defendant vehicle, and upon the sale of the defendant vehicle, it shall pay claimant WestAmerica from the proceeds of the sale, after payment of

outstanding expenses of custody and sale incurred by the United States Marshals Service, the following:

    a.    All unpaid principal due to WestAmerica in the amount of $11,694.20 as of September 24, 2007, pursuant to the Sales and Purchase Agreement dated February 8, 2006.

    b.    All unpaid interest under the contract with a rate of $2.2243 per diem from September 24, 2007, until the date of payment.

4.    Payment to WestAmerica is conditioned upon the United States' prevailing against any competing claims, including any claims by the property owner.

5.    The payment to WestAmerica shall be in full settlement and satisfaction of any and all claims by WestAmerica to the defendant vehicle arrested by the United States on or about September 25, 2007, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

6.    Upon payment, WestAmerica agrees to assign and convey its security interest to the United States and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by WestAmerica and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the defendant vehicle.

7.    As a part of this settlement, claimant WestAmerica agrees not to pursue against the United States any other rights it may have under the contract, including but not limited to, the right to initiate a judicial or non-judicial foreclosure action.

8.    Claimant WestAmerica agrees to waive all attorneys' fees under 28 U.S.C. § 2465.

9.    Claimant WestAmerica agrees to notify the U.S. Attorney promptly if it learns of any condition that might make an interlocutory sale appropriate. WestAmerica further agrees to join in any motion by the U.S. Attorney for interlocutory sale of the property.

10.    Claimant WestAmerica understands and agrees that by entering into this Expedited Settlement of its interests in the defendant vehicle, it waives any rights to litigate further against the United States its interest in the defendant vehicle and to petition for remission or mitigation of the

1   forfeiture.  If this Settlement is approved by the court, claimant WestAmerica shall be excused and
2   relieved from further participation in this action unless specifically directed by an Order of the Court.
3          11.     Claimant WestAmerica understands and agrees that the United States reserves the
4   right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for
5   legal reasons or within ninety (90) days after the date of this agreement for economic reasons.  The
6   Government shall promptly notify the lien holder of such action.
7          12.     The parties agree to execute further documents, to the extent necessary, to convey
8   clear title to the property to the United States and to implement further the terms of this settlement.
9   Each party agrees to bear its own costs and attorneys' fees.
10         13.     Payment to WestAmerica pursuant to this settlement agreement is contingent upon
11  a court-authorized forfeiture of the defendant vehicle to the United States, the United States
12  prevailing over any third-party claims, the Court's entry of a Final Judgment of Forfeiture, and sale
13  of the defendant vehicle pursuant to the final judgment.  Further, the terms of this settlement
14  agreement shall be subject to approval by the United States District Court and any violation of any
15  terms and conditions shall be construed as a violation of an Order of the Court.

16  Dated:  January 11, 2008                McGREGOR W. SCOTT
                                            United States Attorney
17

18                                           /s/ Stephanie Hamilton Borchers
                                            STEPHANIE HAMILTON BORCHERS
19                                          Assistant United States Attorney

20

21  Dated:  December 17, 2007                /s/ Russell W. Reynolds
                                            RUSSELL W. REYNOLDS
22                                          Attorney for Claimant West America Bank
                                            (Original signature retained by attorney)
23

24                                  **ORDER**

25       This Stipulation for Expedited Settlement is hereby APPROVED.

26  IT IS SO ORDERED.

27  **Dated:    January 11, 2008**            /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE
28